IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE DAISEY, | § | |
| | § | |
| Defendant Below, | § | No. 279, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1001009746 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 31, 2015
Decided: September 17, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 17th day of September 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Andre Daisey, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Daisey's opening brief that his appeal is without merit. We agree and affirm.

(2) On April 20, 2010, Daisey pled guilty to Delivery of a Narcotic Schedule II Controlled Substance, Delivery of a Narcotic Schedule II Controlled

Substance (Opiates), and Maintaining a Dwelling for Keeping Controlled Substances. Daisey was sentenced as a habitual offender to a total of thirty-two years of Level V incarceration, with credit for time served, suspended after twelve years for decreasing levels of supervision. Daisey did not file a direct appeal.

(3)    On April 27, 2015, Daisey filed his first motion for postconviction relief under Rule 61. Daisey argued that his counsel was ineffective because he failed to: (i) investigate the report from the Office of Chief Medical Examiner ("OCME"); (ii) file a motion to suppress the OCME report; (iii) meet with Daisey to discuss an identification defense; and (iv) give him all of the evidence produced by the State. Daisey also attached part of a brief that argued his convictions should be vacated because the State's failure to disclose misconduct at the OCME was a violation of *Brady v. Maryland*.[1]

(4)    In an order dated May 4, 2015, the Superior Court summarily dismissed Daisey's motion. The Superior Court found that Daisey's motion was untimely because it was filed more than four years after Daisey's conviction became final[2] and, even if the motion was not untimely, denial of the motion was

---

[1] 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

[2] Super. Ct. Crim. R. 61(i)(1) (providing that motion for postconviction relief may not be filed more than one year after conviction becomes final). Daisey's conviction became final in July 2010, but he did not file his motion for postconviction relief until April 2015.

appropriate because Daisey was bound by the admissions he made when he pled guilty. This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[4] In his opening brief, Daisey does not address the ineffective assistance of counsel or *Brady v. Maryland* claims he raised in his motion for postconviction relief. An appellant must state the merits of an argument in his opening brief or that argument will be waived.[5] He has therefore waived those claims and we will not consider them in this appeal.

(6) Daisey appears to make two arguments on appeal. First, he states that he was not completely aware of the extent of the OCME misconduct until the issuance of a June 2014 report. Second, he attaches a brief filed in another appeal in which the Office of the Public Defender argued that the OCME misconduct rendered guilty pleas involuntary under *Brady v. United States*.[6] As to the first argument, Daisey does not identify the misconduct he claims to have learned of for

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).
[6] 397 U.S. 742, 750-57 (1970) (holding "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise" while recognizing that agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant).

3

the first time in the June 2014 report or where that information appears in his first motion for postconviction relief. In fact, Daisey's first motion for postconviction relief does not mention, cite, or refer to the June 2014 report.

(7) As to the second argument, Daisey did not argue in the Superior Court that misconduct at the OCME rendered his guilty plea involuntary under *Brady v. United States*. We will not consider this argument for the first time on appeal.[7] Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court did not err in dismissing Daisey's untimely motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] Supr. Ct. R. 8. Even if the argument had been properly raised below and appropriate for consideration by this Court, the argument is foreclosed by our decision in *Ira Brown v. State*, 108 A.3d 1201 (Del. 2015).

4